UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON GEORGE RIVERA,<br><br>Defendant. | Case No. 14-cr-00355-RS-1<br><br>**ORDER RE: REQUIRED REDACTIONS IN APPLICATION FOR GARNISHMENT** |

The United States has filed an application for a writ of continuing garnishment in this action, pursuant to the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. § 3205(b)(1). *See* Dkt. 248. A question has been raised regarding whether Federal Rule of Civil Procedure 5.2(a) or Federal Rule of Criminal Procedure 49.1(a) applies to the redaction requirements of this filing. The only difference between these rules is whether the government may disclose only "the city and state of the home address." Fed. R. Crim. P. 49.1(a); *see* Fed. R. Civ. P. 5.2(a) (no redaction requirement for addresses).

Although this application arises out of a criminal judgment, the statutes authorizing the government to seek garnishment in this manner "expressly, albeit tortuously, provide[] that the FDCPA's *civil* enforcement remedies may be used." *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (emphasis added). The Ninth Circuit has clarified that the government can seek garnishment in an open criminal case, without needing to do so by filing under a new civil docket number. *Id.* This makes sense given that, both in *Mays* and in this case, "the government was

already authorized to collect debts owed to it by means of a civil action." *Id.* at 966. As such, while these statutes are certainly not models of clear drafting, Federal Rule of Civil Procedure 5.2 applies, and the application, as currently filed, need not be further redacted. Defendant is free to move separately as to why any information in the government's application should be redacted. *See* Fed. R. Civ. P. 5.2(a); Civ. L.R. 7-11.

**IT IS SO ORDERED**.

Dated: March 13, 2023

_____
RICHARD SEEBORG
Chief United States District Judge